# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARON JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-15597** |
| **24TH JDC COURTHOUSE, ET AL.** | **SECTION "H"(2)** |

## ORDER AND REASONS

Plaintiff, Baron Johnson, is an inmate currently incarcerated in the Jefferson Parish Correctional Center. He has submitted an application to proceed in forma pauperis in connection with the above-captioned lawsuit pursuant to 42 U.S.C. § 1983. Plaintiff seeks injunctive relief, including his release from prison, for alleged retaliation against him over the course of his life. Record Doc. No. 1, Complaint. His pauper application is a non-dispositive pretrial matter which was referred to a United States Magistrate Judge pursuant to Local Rule 72.1(B)(1) and 28 U.S.C. § 636(b).

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, now codified at 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to 28 U.S.C. § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it was frivolous, malicious, or failed to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Johnson has been a frequent filer of civil actions while incarcerated. At least three (3) of his prior civil actions were dismissed as frivolous, malicious and/or for failure to state a claim. Johnson v. LeBlanc, No. 12-1689, 2012 WL 7150485, at *1 (E.D. La. July 10, 2012), adopted, 2013 WL 593998, at *1 (E.D. La. Feb. 15, 2013) (dismissed as frivolous); Johnson v. Jackson, No. 14-0937, 2014 WL 5040775, at *1 (E.D. La. Sept. 25, 2014) (dismissed with prejudice as frivolous); Johnson v. Lee, No. 14-1627, 2014 WL 6612669, at *1 (E.D. La. Nov. 20, 2014) (dismissed with prejudice as frivolous and malicious). He has therefore accumulated three "strikes" under the PLRA.

Under these circumstances, plaintiff may not proceed as a pauper in this action unless he fits within the "imminent danger" exception of Section 1915(g). Plaintiff has not alleged, nor does his complaint demonstrate, anything establishing that he is in imminent danger of serious physical injury. Consequently, he is not entitled to proceed in forma pauperis pursuant to the provisions of the PLRA. For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion to proceed in forma pauperis (Record Doc. No. 2) is **DENIED** pursuant to 28 U.S.C. § 1915(g).

New Orleans, Louisiana, this ____30th____ day of November, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE